(No. 24799.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* VILAS SULLIVAN, Plaintiff in Error.

*Opinion filed April 14, 1939.*

Louis Greenberg, and Henry J. Brandt, for plaintiff in error.

John E. Cassidy, Attorney General, Thomas J. Courtney, State's Attorney, and A. B. Dennis, (Edward E. Wilson, John T. Gallagher, Melvin S. Rembe, and Blair L. Varnes, of counsel,) for the People.

Mr. Justice Jones delivered the opinion of the court:

Vilas Sullivan was indicted in the criminal court of Cook county for the crime of taking indecent liberties with a child. August 26, 1935, the Hon. Donald L. McKinlay, a superior court judge, then chief justice of the criminal court of Cook county, ordered the cause assigned to the Hon. Frank H. Bicek, a circuit judge of Cook county, and set for August 28, 1935. On that date defendant withdrew his plea of not guilty and entered his plea of guilty. He was sentenced by Judge Bicek to the Illinois State penitentiary for a term from one year to twenty years. Sullivan prosecutes this writ of error.

It is contended that Judge Bicek was without jurisdiction to pass judgment on Sullivan. On August 29, 1935, the executive committee of the circuit court of Cook county assigned Judge Bicek to the criminal court "on the 29th day of August, A. D. 1935, for the purpose of hearing any motion or petition which may be presented in cause entitled The People of the State of Illinois versus Vilas Sullivan. Indictments numbers 76157 and 76158." June 19, 1938, defendant filed a petition to expunge the judgment and sentence entered August 28, 1935, on the ground that Judge Bicek was not a judge *ex officio* of the criminal court of Cook county. After a hearing the amended petition was denied by Judge Cornelius J. Harrington.

In *People* v. *Feinberg*, 348 Ill. 549, we said: "There are no elected judges of the criminal court of Cook county.

They are all selected from the judges of the circuit or superior courts by their associates, and become, by virtue of their selection and by virtue of their offices, *ex officio* judges of the criminal court. A judge of the circuit court is not a judge of the criminal court, *ex officio* or otherwise, until he has been assigned to that service by the judges of the circuit court in accordance with the rules of the court regulating such assignment. No judge of the circuit court, unless so assigned, has the right to hold a term of the criminal court." We held that a circuit judge, not so assigned, had no jurisdiction to call a special grand jury and to assume jurisdiction of its proceedings, and that his orders in connection therewith were void.

The rules of the circuit court of Cook county provide: Circuit judges may be assigned to sit in the criminal court by the executive committee or by a vote of two-thirds of all the judges. No other method is prescribed. Nowhere is any authority given the chief justice of the criminal court to assign a circuit judge to the criminal court. The order of Judge McKinlay conferred no jurisdiction on Judge Bicek.

It was stipulated that: "No record exists of proceedings assigning the Honorable Frank H. Bicek as a judge *ex officio* to preside in the criminal court on the 28th day of August, 1935, or prior thereto for the year A. D. 1935." The only authority given Judge Bicek by the executive committee was the order dated August 29, 1935, assigning him to the criminal court on August 29, 1935, for the purpose of hearing any motion or petition which might be presented in the two cases of People v. Sullivan. This order was not made until after the judgment and sentence complained of were entered and did not purport to be retroactive. It was a mere authorization to hear subsequent motions and petitions.

Judge Bicek not having been assigned to the criminal court in the manner provided by the rules of the circuit court, it follows, from our holding in *People* v. *Feinberg*,

*supra,* that he was not, on August 28, 1935, a judge *ex officio,* or otherwise, of the criminal court of Cook county. He had no authority to enter the judgment and sentence, and they are void. The criminal court erred in denying the petition to expunge the judgment and sentence.

The judgment is reversed and the cause is remanded, with directions to proceed in accordance with the views herein expressed.

*Reversed and remanded, with directions.*